

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Newport News Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 4:24-cr-____ |
| | ) | |
| v. | ) | |
| | ) | 18 U.S.C. §§ 1201(a)(1) and 2 |
| ACACIA IYANA JACKSON, | ) | Kidnapping Resulting in Death |
| a/k/a "Dominant," | ) | (Count 1) |
| (Counts 1 and 2) | ) | |
| | ) | 18 U.S.C. § 1201(c) |
| | ) | Conspiracy to Commit Kidnapping |
| DONNISHA TYVETTE GOODMAN, | ) | (Count 2) |
| a/k/a "Lady Henny," | ) | |
| (Counts 1 and 2) | ) | 18 U.S.C. §§ 3591 and 3592 |
| | ) | Notice of Special Findings |
| Defendants. | ) | |
| | ) | |

## INDICTMENT

*January 2024 Term – at Newport News, Virginia*

GENERAL ALLEGATIONS

At all times relevant to this Indictment:

1. ACACIA IYANA JACKSON, also known as "Dominant," and DONNISHA TYVETTE GOODMAN, also known as "Lady Henny," were members of a criminal organization that purported to be affiliated with the Bloods and the Black P. Stone Nation. The defendants also refer to their set as, among other things, the Vietnam Blakk5tone Gorillas "Tribe."

2. The defendants' criminal organization engages in acts of violence, including murder, threat of murder, attempted murder, malicious wounding, prostitution, and narcotics distribution.

3. The defendants' criminal organization operated principally in a geographic area

1

that included the Tidewater (Hampton Roads) area of Eastern Virginia and the Richmond area of Central Virginia.

4. The defendants' criminal organization utilized a hierarchy of membership with certain ranks. The regional leader is called the "Krown Prinxe." The top female leader is called the "Krown Prinxess."

5. To join the defendants' organization, members must be "beat in" or "jumped in." During an initiation, multiple members surround the new member and punch and strike the new member for the duration of twenty-one or thirty-one seconds. Members are required to pay monetary dues to the gang and attend regular meetings.

6. The criminal organization had a series of established rules. The criminal organization made clear that the failure to follow the rules would result in discipline. The organization agreed to act together to punish disciplinary violations, including to kill any individuals who opposed the criminal organization.

7. The victim, T.M., was "Krown Prinxess" of the group, and had the moniker "Baretta."

8. JACKSON and GOODMAN held the position of "First Lady" and had the monikers "Dominant" and "Lady Henny," respectively.

COUNT ONE
(Kidnapping Resulting in Death)

THE GRAND JURY CHARGES THAT:

1. The factual allegations contained in the General Allegations section are incorporated herein by reference as if set out in full.

2. From on or about May 5, 2023 through on or about May 6, 2023, in the Eastern

2

District of Virginia, ACACIA IYANA JACKSON, also known as "Dominant," and DONNISHA TYVETTE GOODMAN, also known as "Lady Henny," the defendants herein, aided and abetted by one another and others, did unlawfully and willfully seize, confine, inveigle, decoy, kidnap, abduct, and carry away and hold T.M., for ransom, reward, and otherwise, and in committing and in furtherance of the commission of the offense used means, facilities, and instrumentalities of interstate and foreign commerce, including a firearm, cellular telephones, and a vehicle, to wit; a black Hyundai Sonata bearing a Virginia license plate ending in 9340, and traveled on Interstate 64 to transport T.M, resulting in the death of T.M.

(All in violation of Title 18, United States Code, Sections 1201(a)(1) and 2).

## COUNT TWO
(Conspiracy to Commit Kidnapping)

THE GRAND JURY FURTHER CHARGES THAT:

1. The factual allegations contained in the General Allegations section are incorporated herein by reference as if set out in full.

2. From on or about May 5, 2023, through on or about May 6, 2023, in the Eastern District of Virginia, ACACIA IYANA JACKSON, also known as "Dominant," and DONNISHA TYVETTE GOODMAN, also known as "Lady Henny," the defendants herein, along with others known and unknown to the Grand Jury, did knowingly, unlawfully and intentionally combine, conspire, confederate and agree among themselves to unlawfully and willfully seize, confine, inveigle, decoy, kidnap, abduct, carry away and hold T.M. for ransom, reward, and otherwise, by means and facilities of interstate and foreign commerce, in violation of Title 18, United States Code, Section 1201(a)(1).

3

## WAYS, MANNER, AND MEANS OF THE CONSPIRACY

1. The purpose of the conspiracy was to confront T.M. through the use of force and to threaten and use physical violence to punish T.M. in a gang-related "beating" on May 5, 2023, and continuing into May 6, 2023.

2. It was part of the conspiracy that the defendants and their coconspirators were members and associates of a criminal organization and determined that T.M., who also was a member of their criminal organization, had committed a gang infraction warranting a "beating."

3. It was further part of the conspiracy that the defendants and their coconspirators planned to and did commit violence upon T.M. on May 5-6, 2023.

4. It was further part of the conspiracy that the defendants and their coconspirators took or lured T.M. from her residence in Richmond, Virginia, and transported her to a remote area in York County, Virginia, in order to attack and kill her.

5. It was further part of the conspiracy that one or more coconspirators displayed, brandished, and discharged firearms during the course of the kidnapping.

6. It was further part of the conspiracy that the defendants and their coconspirators communicated with each other by and otherwise used cellular telephones as part of the planning, organization, and execution of the kidnapping.

7. It was further part of the conspiracy that the defendants and their coconspirators used a vehicle, to wit; a black Hyundai Sonata bearing Virginia license plate ending in 9340, to transport T.M. from Richmond, Virginia to York County, Virginia via Interstate 64.

8. It was further part of the conspiracy that, after kidnapping and killing T.M., the defendants and conspirators took steps to conceal their crime in order to avoid apprehension.

## OVERT ACTS

1. The factual allegations constituting overt acts contained in the General Allegations section are incorporated herein by reference as if set out in full.

2. On or about May 5, 2023, and continuing thereafter on May 6, 2023, in the Eastern District of Virginia, to effect the object of this conspiracy, the defendants and their coconspirators, traveled to T.M.'s residence in Richmond, Virginia, for the purpose of conducting a gang-related "beating" of T.M.

3. Between approximately 1:14 a.m. and 1:38 a.m. on or about May 6, 2023, in Richmond, Virginia, the defendants and their coconspirators conducted the "beating" of T.M.

4. At approximately 1:38 a.m. on or about May 6, 2023, the defendants and their coconspirators left T.M.'s residence after the "beating" and went to pick up another coconspirator.

5. At approximately 2:28 a.m. on or about May 6, 2023, the defendants and their coconspirators returned to T.M.'s residence with the additional coconspirator. Some of them were armed and wearing masks.

6. At approximately 2:34 a.m. on or about May 6, 2023, the defendants and their coconspirators departed T.M.'s residence in one vehicle, holding T.M. in the car.

7. The defendants and their coconspirators transported T.M. via Interstate 64 to a remote area of York County, Virginia, by Old Williamsburg Road, for the purpose of holding T.M. under force and false pretenses and killing her.

8. At approximately 3:47 a.m. on or about May 6, 2023, in York County, Virginia, the defendants and their coconspirators removed T.M. from the vehicle and killed her, firing at least fourteen shots and striking T.M. eight times in the head, abdomen, back, buttocks, and legs.

9. From on or about May 5, 2023, and continuing on May 6, 2023, in the Eastern District of Virginia and elsewhere, the defendants and their coconspirators communicated with each other and with other coconspirators using cellular telephones for the purpose of abducting and killing T.M.

10. The defendants and their coconspirators returned to Richmond, Virginia, to drop off some of the coconspirators.

11. On or about May 6, 2023, in the Eastern District of Virginia and elsewhere, the defendants and their coconspirators communicated using cellular telephones for the purpose of concealing evidence of their abduction and killing of T.M.

(All in violation of Title 18, United States Code, Section 1201(c)).

## NOTICE OF SPECIAL FINDINGS

a. The factual allegations in Counts One of the Indictment are hereby re-alleged as if fully set forth herein and incorporated by reference.

b. As to Count One of this Indictment, defendant ACACIA IYANA JACKSON, also known as "Dominant":

(1) was more than 18 years old at the time of the offense. (Title 18, United States Code, Section 3591(a));

(2) intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and T.M died as a direct result of the act. (Title 18, United States Code, Section 3591(a)(2)(C));

(3) intentionally and specifically engaged in an act of violence, knowing that the act

6

created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and T.M. died as a direct result of the act. (Title 18, United States Code, Section 3591(a)(2)(D));

(4) the death of T.M. occurred during the commission of Title 18 United Stated Code, Section 1201, Kidnapping. (Title 18, United States Code, Section 3592(c)(1));

c. As to Count One of this Indictment, defendant DONNISHA TYVETTE GOODMAN, also known as "Lady Henny":

(1) was more than 18 years old at the time of the offense. (Title 18, United States Code, Section 3591(a));

(2) intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and T.M. died as a direct result of the act. (Title 18, United States Code, Section 3591(a)(2)(C));

(3) intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and T.M. died as a direct result of the act. (Title 18, United States Code, Section 3591(a)(2)(D)).

(4) the death of T.M. occurred during the commission of Title 18 United States Code, Section 1201, Kidnapping. (Title 18, United States Code, Section 3592(c)(1)).

(Pursuant to Title 18, United States Code, Sections 3591 and 3592).

7

Pursuant to the E-Government Act, the original of this page has been filed under seal in the Clerk's Office.

UNITED STATES v. ACACIA IYANA JACKSON and DONNISHA TYVETTE GOODMAN
Criminal No. 4:24-cr-

A TRUE BILL:

███████████████████████████████
FOREPERSON

JESSICA D. ABER
UNITED STATES ATTORNEY

By: _____
Lisa R. McKeel
Assistant United States Attorney
Virginia State Bar No. 28652
One City Center
11815 Fountain Way, Suite 200
Newport News, VA 23606
Tel. (757) 591-4000
Fax: (757) 591-0866

By: _____
D. Mack Coleman
Assistant United States Attorney
One City Center
11815 Fountain Way, Suite 200
Newport News, VA 23606
Tel. (757) 591-4000
Fax: (757) 591-0866

By: _____
Alyssa Levey-Weinstein
Special Assistant United States Attorney
One City Center
11815 Fountain Way, Suite 200
Newport News, VA 23606
Tel. (757) 591-4000
Fax: (757) 591-0866

8