

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Newport News Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>HEZEKIAH JANILE CARNEY,<br>a/k/a "HK,"<br>(Counts 1 and 2)<br><br>DONNISHA TYVETTE GOODMAN,<br>a/k/a "Lady Henny,"<br>(Counts 1 and 2)<br><br>JAYQUAN ALLEN JONES,<br>a/k/a "Dolo,"<br>(Counts 1 and 2)<br><br>JAMICA DANIELLE LANGLEY,<br>a/k/a "Ja'Mica Langley" and "Baby D,"<br>(Counts 1 and 2)<br><br>Defendants. | Criminal No. 4:24-cr-1<br><br>18 U.S.C. §§ 1201(a)(1) and 2<br>Kidnapping Resulting in Death<br>(Count 1)<br><br>18 U.S.C. § 1201(c)<br>Conspiracy to Commit Kidnapping<br>(Count 2)<br><br>18 U.S.C. §§ 3591 and 3592<br>Notice of Special Findings<br><br>18 U.S.C. § 981(a)(1)(C) &<br>28 U.S.C. § 2461<br>Asset Forfeiture |

## SUPERSEDING INDICTMENT

April 2024 Term – at Newport News, Virginia

### GENERAL ALLEGATIONS

At all times relevant to this Indictment:

1. HEZEKIAH JANILE CARNEY, also known as "HK," DONNISHA TYVETTE GOODMAN, also known as "Lady Henny," JAYQUAN ALLEN JONES, also known as "Dolo," and JAMICA DANIELLE LANGLEY, also known as "Ja'Mica Langley" and "Baby D," were

1

members of a criminal organization known as the Almighty Black P. Stone Nation. The defendants referred to the east coast sets of the Almighty Black P. Stone Nation as, among other things, the Vietnam Blakk5tone Gorillas "Tribe."

2. The defendants' criminal organization engaged in acts of violence, including murder, threat of murder, attempted murder, malicious wounding, robbery, and narcotics distribution.

3. The defendants' criminal organization utilized a hierarchy of membership with certain ranks. The regional leader for the east coast was called the "Krown Prinxe." The top female leader was called the "Krown Prinxess." The leader of each set in a given city or similar geographic area was an Ambassador and reported to the Krown Prinxe.

4. To join the defendants' organization, members are ordinarily "beat in" or "jumped in." During an initiation, multiple members surround the new member and punch and strike the new member for a specified period of time.

5. Members are required to pay monetary dues to the gang and attend regular meetings.

6. The criminal organization had a strict code of conduct. The criminal organization made clear that the failure to follow the rules would result in discipline.

7. The criminal organization agreed to act together to punish disciplinary violations, including to kill any individuals who opposed the criminal organization.

8. The victim, T.M., was "Krown Prinxess" of the group, and had the moniker "Baretta." She was the highest-ranking female amongst east coast sets of the Black P. Stone Nation.

9. CARNEY held the position of "Krown Prinxe" and had the moniker "HK." He was the highest-ranking male amongst east coast sets of the Black P. Stone Nation.

10. GOODMAN and LANGLEY held the positions of "First Lady" of Norfolk and Richmond, respectively. They had the monikers "Lady Henny," and "Baby D," respectively.

11. JONES held the position of a "Four Star" and had the moniker "Dolo."

## COUNT ONE
(Kidnapping Resulting in Death)

THE GRAND JURY CHARGES THAT:

1. The factual allegations contained in the General Allegations section are incorporated herein by reference as if set out in full.

2. From on or about May 5, 2023 through on or about May 6, 2023, in the Eastern District of Virginia, HEZEKIAH JANILE CARNEY, also known as "HK," DONNISHA TYVETTE GOODMAN, also known as "Lady Henny," JAYQUAN ALLEN JONES, also known as "Dolo," and JAMICA DANIELLE LANGLEY, also known as "Ja'Mica Langley" and "Baby D," the defendants herein, aided and abetted by one another and others, did unlawfully and willfully seize, confine, inveigle, decoy, kidnap, abduct, and carry away and hold T.M., for ransom, reward, and otherwise, and in committing and in furtherance of the commission of the offense used means, facilities, and instrumentalities of interstate and foreign commerce, including firearms, ammunition, cellular telephones, and a vehicle, to wit: a black Hyundai Sonata bearing a Virginia license plate ending in 9340, and traveled on Interstate 64 to transport T.M, resulting in the death of T.M.

(All in violation of Title 18, United States Code, Sections 1201(a)(1) and 2).

## COUNT TWO
(Conspiracy to Commit Kidnapping)

THE GRAND JURY FURTHER CHARGES THAT:

1. The factual allegations contained in the General Allegations section are incorporated herein by reference as if set out in full.

2. From on or about May 5, 2023, through on or about May 6, 2023, in the Eastern District of Virginia, HEZEKIAH JANILE CARNEY, also known as "HK," DONNISHA TYVETTE GOODMAN, also known as "Lady Henny," JAYQUAN ALLEN JONES, also known as "Dolo," and JAMICA DANIELLE LANGELY, also known as "Ja'Mica Langley" and "Baby D," the defendants herein, along with others known and unknown to the Grand Jury, did knowingly, unlawfully and intentionally combine, conspire, confederate and agree among themselves to unlawfully and willfully seize, confine, inveigle, decoy, kidnap, abduct, carry away and hold T.M. for ransom, reward, and otherwise, by means and facilities of interstate and foreign commerce, in violation of Title 18, United States Code, Section 1201(a)(1).

### WAYS, MANNER, AND MEANS OF THE CONSPIRACY

1. The purpose of the conspiracy was to confront T.M. through the use of force and to threaten and use physical violence to punish T.M. in a gang-related "beating" and abduction on May 5, 2023, and continuing into May 6, 2023.

2. It was part of the conspiracy that the defendants and a coconspirator were members and associates of a criminal organization and determined that T.M., who also was a member of their criminal organization, had committed gang infractions warranting a "beating."

3. It was further part of the conspiracy that the defendants and a coconspirator planned to and did commit violence upon T.M. on May 5-6, 2023.

4

4. It was further part of the conspiracy that the defendants and a coconspirator took and lured T.M. from her residence in Richmond, Virginia, and transported her to a remote area in York County, Virginia, in order to attack and kill her.

5. It was further part of the conspiracy that one or more coconspirators displayed, brandished, and discharged firearms during the course of the kidnapping.

6. It was further part of the conspiracy that the defendants and a coconspirator communicated with each other by and otherwise used cellular telephones as part of the planning, organization, and execution of the kidnapping.

7. It was further part of the conspiracy that the defendants and a coconspirator used a vehicle, to wit: a black Hyundai Sonata bearing Virginia license plate ending in 9340, to transport T.M. from Richmond, Virginia to York County, Virginia via Interstate 64.

8. It was further part of the conspiracy that, after kidnapping and killing T.M., the defendants and a coconspirator took steps to conceal their crime in order to avoid apprehension.

## OVERT ACTS

1. The factual allegations constituting overt acts contained in the General Allegations section are incorporated herein by reference as if set out in full.

2. On or about May 5, 2023, and continuing thereafter on May 6, 2023, in the Eastern District of Virginia, to effect the object of this conspiracy, CARNEY, GOODMAN, LANGLEY, and a coconspirator traveled to T.M.'s residence in Richmond, Virginia, for the purpose of conducting a gang-related "beating" of T.M.

3. Between approximately 1:14 a.m. and 1:38 a.m. on or about May 6, 2023, in Richmond, Virginia, CARNEY, GOODMAN, LANGLEY and a coconspirator conducted a 21

5

second "beating" of T.M.

4.  At approximately 1:38 a.m. on or about May 6, 2023, CARNEY, GOODMAN, LANGLEY, and another coconspirator left T.M.'s residence after the "beating".

5.  At approximately 2:28 a.m. on or about May 6, 2023, the CARNEY, GGODMAN, LANGLEY, JONES and a coconspirator returned to T.M.'s residence.  They returned to T.M.'s residence to attack her because of her perceived disrespect to the criminal organization.  Some of the defendants were armed and/or wearing a mask.

6.  At approximately 2:34 a.m. on or about May 6, 2023, the defendants and a coconspirator departed T.M.'s residence in one vehicle, holding T.M. in the car.

7.  The defendants and a coconspirator transported T.M. via Interstate 64 to a remote area of York County, Virginia, by Old Williamsburg Road, for the purpose of holding T.M. under force and killing her.

8.  At approximately 3:47 a.m. on or about May 6, 2023, in York County, Virginia, the defendants and a coconspirator removed T.M. from the vehicle, ordered her to walk toward the wood line off the side of the road, fired at least fourteen shots, and killed T.M.  The victim had approximately eight gunshot wounds in the head, abdomen, back, buttocks, and legs.

9.  From on or about May 5, 2023, and continuing on May 6, 2023, in the Eastern District of Virginia and elsewhere, the defendants and a coconspirator communicated with each other using cellular telephones for the purpose of disciplining, confining, and holding, and killing T.M.

10.  The defendants and a coconspirator returned to Richmond, Virginia, to drop off some of the coconspirators.

11. On or about May 6, 2023, in the Eastern District of Virginia, the defendants and a coconspirator communicated using cellular telephones for the purpose of concealing evidence of their disciplining, confining, and holding, and killing T.M.

(All in violation of Title 18, United States Code, Section 1201(c)).

## NOTICE OF SPECIAL FINDINGS

a. The factual allegations in Counts One of the Superseding Indictment are hereby re-alleged as if fully set forth herein and incorporated by reference.

b. As to Count One of this Superseding Indictment, defendant HEZEKIAH JANILE CARNEY, also known as "HK":

(1) was more than 18 years old at the time of the offense. (Title 18, United States Code, Section 3591(a));

(2) intentionally killed T.M. (Title 18, United States Code, Section 3591(a)(2)(A));

(3) intentionally inflicted serious bodily injury that resulted in the death of T.M. (Title 18, United States Code, Section 3591(a)(2)(B);

(4) intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and T.M. died as a direct result of the act. (Title 18, United States Code, Section 3591(a)(2)(C));

(5) intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and T.M. died as a direct result of the act. (Title 18, United States Code, Section 3591(a)(2)(D)).

7

(6)     the death of T.M. occurred during the commission of Title 18 United States Code, Section 1201, Kidnapping. (Title 18, United States Code, Section 3592(c)(1)).

c.     As to Count One of this Superseding Indictment, defendant DONNISHA TYVETTE GOODMAN, also known as "Lady Henny":

(1)     was more than 18 years old at the time of the offense. (Title 18, United States Code, Section 3591(a));

(2)     intentionally killed T.M. (Title 18, United States Code, Section 3591(a)(2)(A));

(3)     intentionally inflicted serious bodily injury that resulted in the death of T.M. (Title 18, United States Code, Section 3591(a)(2)(B);

(4)     intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and T.M died as a direct result of the act. (Title 18, United States Code, Section 3591(a)(2)(C));

(5)     intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and T.M. died as a direct result of the act. (Title 18, United States Code, Section 3591(a)(2)(D));

(6)     the death of T.M. occurred during the commission of Title 18 United Stated Code, Section 1201, Kidnapping. (Title 18, United States Code, Section 3592(c)(1)).

d.     As to Count One of this Superseding Indictment, defendant JAYQUAN ALLEN JONES, also known as "Dolo":

(1)     was more than 18 years old at the time of the offense. (Title 18, United States

8

Code, Section 3591(a));

(2)     intentionally killed T.M.  (Title 18, United States Code, Section 3591(a)(2)(A));

(3)     intentionally inflicted serious bodily injury that resulted in the death of T.M. (Title 18, United States Code, Section 3591(a)(2)(B);

(4)     intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and T.M. died as a direct result of the act.  (Title 18, United States Code, Section 3591(a)(2)(C));

(5)     intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and T.M. died as a direct result of the act.  (Title 18, United States Code, Section 3591(a)(2)(D));

(6)     the death of T.M. occurred during the commission of Title 18 United States Code, Section 1201, Kidnapping.  (Title 18, United States Code, Section 3592(c)(1)).

e.      As to Count One of this Superseding Indictment, defendant JAMICA DANIELLE LANGLEY, also known as "Baby D":

(1)     was more than 18 years old at the time of the offense.  (Title 18, United States Code, Section 3591(a));

(2)     intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and T.M. died as a direct result of the act.  (Title 18, United States Code, Section 3591(a)(2)(C));

(3) intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and T.M. died as a direct result of the act. (Title 18, United States Code, Section 3591(a)(2)(D)).

(4) the death of T.M. occurred during the commission of Title 18 United States Code, Section 1201, Kidnapping. (Title 18, United States Code, Section 3592(c)(1)).

(Pursuant to Title 18, United States Code, Sections 3591 and 3592).

## FORFEITURE ALLEGATION

Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, the defendants are hereby notified that, if convicted of the offenses charged in Counts One or Two of the Indictment, they shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such offenses.

(Pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461.)

Pursuant to the E-Government Act, the original of this page has been filed under seal in the Clerk's Office.

<u>UNITED STATES v. HEZEKIAH JANILE CARNEY</u>, et al.
Criminal No. 4:24-cr-1

A TRUE BILL:

REDACTED COPY
_____
F O R E P E R S O N

JESSICA D. ABER
UNITED STATES ATTORNEY

By: _____
Lisa R. McKeel
Assistant United States Attorney
Virginia State Bar No. 28652
One City Center
11815 Fountain Way, Suite 200
Newport News, VA 23606
Tel. (757) 591-4000
Fax: (757) 591-0866

By: _____
D. Mack Coleman
Assistant United States Attorney
One City Center
11815 Fountain Way, Suite 200
Newport News, VA 23606
Tel. (757) 591-4000
Fax: (757) 591-0866

By: _____
Alyssa Levey-Weinstein
Special Assistant United States Attorney
One City Center
11815 Fountain Way, Suite 200
Newport News, VA 23606
Tel. (757) 591-4000
Fax: (757) 591-0866

11