IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

UNITED STATES OF AMERICA

v.  Criminal Case No. 4:24-cr-1

JAYQUAN ALLEN JONES,

Defendant.

## ORDER

This matter is before the Court on Jones's Motion to Authorize Disclosure to Court of Grand Jury Transcript, ECF No. 126. Jones seeks to provide the Court with a transcript of the grand jury proceeding for consideration at his sentencing, asserting that the transcript contains "mitigating information" regarding his offense conduct. Mot. at 2. For the reasons articulated below, the Motion is GRANTED. Defense counsel is DIRECTED to file only the portions of the transcript that are relevant to Jones's sentencing, and to file those portions under seal.

Federal Rule of Criminal Procedure 6(e)(3)(E)(i) provides that "the court may authorize disclosure . . . of a grand-jury matter . . . preliminary to or in connection with a judicial proceeding." It is within the court's discretion to decide whether disclosure of grand jury testimony is warranted. *United States v. Foggo*, 595 F. Supp. 2d 672, 674 (E.D. Va. 2009). The Court also has discretion, before sentencing, to "'conduct an inquiry broad in scope, largely unlimited either as to kind of information [it] may consider, or the source from which it may come.'" *United States v. Lee*, 540 F.2d 1205, 1210 (4th Cir. 1976) (quoting *United States v. Tucker*, 404 U.S. 443, 446 (1972)). The Supreme Court has articulated a "particularized need" standard for disclosure of grand jury testimony in a subsequent judicial proceeding. *United States v. Procter & Gamble Co.*, 356 U.S. 677, 683 (1958); *Douglas Oil Comp. of Ca. v. Petrol Stops Nw.*, 441 U.S. 211, 222 (1979). To

satisfy that standard, "[p]arties seeking grand jury transcripts under Rule 6(e) must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." *Douglas Oil*, 441 U.S. at 222.

While the *Douglas Oil* factors "do[] not apply neatly" where a party seeks disclosure of grand jury testimony for use at sentencing, they are nonetheless relevant to the Court's analysis, and support disclosure. *Foggo*, 595 F. Supp. 2d at 679. Disclosure in this case will assist the Court in imposing an appropriate sentence and is therefore "needed to avoid a possible injustice." Given that the disclosed material will be sealed, the need to provide the Court with full information at sentencing outweighs the need for continued secrecy. Finally, the Court's instruction that Jones only introduce relevant portions of the grand jury testimony ensures that the disclosure is limited to "only material so needed."

For those reasons, and to ensure that "no limitation [is] placed" on the information received by the Court "concerning the background, character, and conduct" of the defendant, the Court finds that it is appropriate for Jones to file limited portions of the grand jury testimony under seal in support of his sentencing position. *See* 18 U.S.C. § 3661.

It is so ORDERED.

/s/
Elizabeth W. Hanes
United States District Judge

Newport News, Virginia
Date: December 27, 2024